UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LASHIFY, INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL NO. W-22-CV-00776-ADA |
| QINGDAO LASHBEAUTY COSMETIC CO., LTD., | § § § § | |
| Defendant. | § | |
| LASHIFY, INC., | § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL NO. W-22-CV-00777-ADA |
| QINGDAO HOLLYREN COSMETICS CO., LTD, | § § § § | |
| Defendant. | § | |

## ORDER ON DISCOVERY DISPUTE RE: EXPERT REBUTTAL REPORT

On May 21, 2024, the Court received a dispute chart concerning Plaintiff's request to serve a supplemental or reply report addressing testing that was first identified in Defendants' expert's rebuttal report. After considering the parties' arguments, the Court **GRANTS** Plaintiff's request with limitations described below.

As noted in the chart and by its exhibits, Plaintiff previously served interrogatories that called for identification of any such testing. The testing, however, was not completed during the fact discovery period and was not identified in response to those interrogatories. It appears the testing began during fact discovery as samples were provided to the lab during fact discovery—but the testing was neither completed before Plaintiff's expert's report was served nor identified

in response to Plaintiff's interrogatories.[1] As such, Plaintiff's expert had no opportunity to address the testing.

While Defendants are correct that this Court does not generally allow replies to rebuttal reports, the Court is convinced that this presents a unique factual situation justifying such a supplemental report. This Court generally does not allow experts to testify outside of their reports. *See* Standing Order Governing Proceedings (OGP) 4.4—Patent Cases at Court MIL No. 23. Without a supplemental report, it is unlikely Plaintiff's expert would be allowed to address testing that was first identified in Defendants' expert's rebuttal report—after Plaintiff's expert's report was served. Such a situation would be inherently unfair and encourage gamesmanship as to when experts conduct or disclose testing and research for their reports.

Allowing Plaintiff's expert to supplement and preemptively address Defendant's rebuttal argument during Plaintiff's opening evidence, however, appears equally improper. To address both inequities, the Court finds that Plaintiff's expert should be allowed to supplement his report but limit Plaintiff's expert's testimony on such testing to Plaintiff's presentation of rebuttal evidence.

Therefore, the Court **ORDERS** that Plaintiff may submit a supplemental expert report responding only to the testing first identified in Defendants' expert report. Plaintiff is **ORDERED** to submit the report within seven (7) days of this Order. It is further **ORDERED** that the opinions expressed in Plaintiff's supplemental expert report may only be relied upon at trial by Plaintiff during its rebuttal case if Defendant's expert testifies about the testing or during Plaintiff's affirmative case if Defendant's open the door through cross examination.

SIGNED this 3rd day of June, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE