**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

LASHIFY, INC.,

Plaintiff,

v.

QINGDAO LASHBEAUTY COSMETIC CO., LTD. d/b/a WORLDBEAUTY,

Defendant.

Civil Action No. 6:22-cv-00776-ADA-DTG

JURY TRIAL DEMANDED

LASHIFY, INC.,

Plaintiff,

v.

QINGDAO HOLLYREN COSMETICS CO., LTD. d/b/a HOLLYREN,

Defendant.

Civil Action No. 6:22-cv-00777-ADA-DTG

JURY TRIAL DEMANDED

**[REDACTED VERSION]**

**PLAINTIFF LASHIFY, INC.'S OPPOSED MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S EXPERT WITNESSES DAVID GAL AND LANCE GUNDERSON CONCERNING FALSE PATENT MARKING AND COMPETITIVE INJURY**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND ....................................................................................1

III. ARGUMENT ..........................................................................................................2

A. The Court Should Exclude Dr. Gal's Opinions Because They Are Unreliable, Improper, Speculative, and Based on Irrelevant Material. ...................2

1. Dr. Gal's False Patent Marking Opinions Are Unreliable and Improper. ..............................................................................................2

a. Dr. Gal's False Patent Marking Opinions Are Improper Legal Conclusions..............................................................3

b. Dr. Gal Is Not Qualified To Offer Opinions About Whether Lashify Engaged in False Patent Marking. .....................................3

2. Dr. Gal's "Consumer Interactions" Opinion Is Unreliable and Does Not Require Scientific, Technical, or Specialized Knowledge....................5

3. Dr. Gal's Competitive Injury Opinions Are Speculative............................6

4. Dr. Gal's Opinions Should Also Be Excluded To The Extent They Are Based on No Longer Viable Claims. ....................................................8

B. Mr. Gunderson's Opinions that Rely on Dr. Gal Should Also Be Excluded...........9

IV. CONCLUSION ........................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bmc Software, Inc. v. Servicenow, Inc.*,
No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ....................................8

*Continental 332 Fund, LLC v. Kozlowski*,
Case No. 2:17-cv-41-FtM-38MRM, 2020 WL 1234808 (M.D. Fla. Mar. 13, 2020)................5

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)....................................................................................................2, 9

*Gopalratnam v. Hewlett-Packard Co.*,
877 F.3d 771 (7th Cir. 2017) ..........................................................................................9

*IQ Products Co. v. Pennzoil Products Co.*,
305 F.3d 368 (5th Cir. 2002) ..........................................................................................7

*James v. Harris County*,
577 F.3d 612 (5th Cir. 2009) ..........................................................................................7

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999).........................................................................................................6

*Orthoflex, Inc. v. ThermoTek, Inc.*,
986 F. Supp. 2d 776 (N.D. Tex. 2013) ............................................................................5

*Perez v. Abbott*,
No. SA-11-CV-360, 2017 WL 11886257 (W.D. Tex. June 19, 2017)...................................8

*Renfroe v. Parker*,
974 F.3d 594 (5th Cir. 2020) ..........................................................................................3

*Tavernini v. Bank of Am.*,
No. 4:12-CV-420, 2013 WL 12045198 (E.D. Tex. June 18, 2013) .......................................5

**STATUTES**

35 U.S.C. § 292.........................................................................................................1, 8

**OTHER AUTHORITIES**

Federal Rules of Evidence 401 .........................................................................................1

Federal Rules of Evidence 402 .........................................................................................1

Federal Rules of Evidence 403 .......................................................................................1, 9

Federal Rules of Evidence 702 .........................................................................................1

## TABLE OF EXHIBITS

| No. | Exhibit |
|---|---|
| A | Opening Expert Report of David Gal, Ph.D. ("Gal Rep.") |
| B | Excerpts of Dr. Gal Deposition ("Gal Tr.") |
| C | Opening Expert Report of Lance Gunderson ("Gunderson Rep.") |
| D | Supplemental Expert Report of Lance Gunderson ("Supp. Rep.") |

## I. INTRODUCTION

Lashify brings this motion to exclude certain opinions and testimony of defendants' non-technical experts, David Gal, Ph.D. and Lance Gunderson. Dr. Gal is a marketing professor who plans to testify that Lashify engaged in false patent marking and that defendants have been competitively harmed. Dr. Gal's opinions, however, far exceed the scope of his expertise, rely on flawed assumptions, and utilize unreliable and irrelevant methodologies and information. Defendants' damages expert, Mr. Gunderson, then improperly relies on Dr. Gal's unreliable and irrelevant opinions and conclusions to opine on defendants' damages from Lashfy's alleged false patent marking. Because Dr. Gal's opinions are unreliable, irrelevant, and unhelpful to the jury, the Court should exclude both his opinions and Mr. Gunderson's opinions that rely on them.[1]

## II. FACTUAL BACKGROUND

Lashify brought actions in this Court because defendants are unlawfully copying Lashify's products, infringing Lashify's patents, and engaging in false advertising, false designation of origin, and unfair competition. -00776 Dkt. 29; -00777 Dkt. 29.[2] Defendants later filed counterclaims against Lashify asserting two causes of action: false patent marking under 35 U.S.C. § 292 and false advertising under the Lanham Act. Dkt. 49. The Court dismissed defendants' false advertising claim and held that any alleged false patent marking claims that predate March 17, 2018 are time-barred. Dkt. 113 ("R&R") at 5, 11; Dkt. 121 (adopting R&R).

Defendants' false patent marking claims are purportedly based on statements Lashify made on social media and its website that certain products were patented dating as far back as December

---

[1] Lashify has concurrently filed a summary judgment motion. For the reasons herein, Lashify also asks the Court to preclude defendants from relying on Dr. Gal's opinions to support their opposition to Lashify's motion, as his opinions fail to meet the requirements of Federal Rules of Evidence 702, 401, 402, and 403, and cannot create an issue of material fact.

[2] Docket entry citations are to the -00776 case docket unless otherwise noted.

2017. Dkt. 29 at ¶¶ 62-85, 123-136. Although the false patent marking claim was allowed to proceed past the pleadings stage, defendants continue to offer only conclusions now under the guise of expert testimony from Dr. Gal and Mr. Gunderson. Dr. Gal, a marketing expert, purports to opine on Lashify's alleged false patent marking statements and defendants' competitive injury from those statements. As explained in detail below, however, four aspects of Dr. Gal's opinion should be excluded for failing to meet the *Daubert* standard: (1) opinions that Lashify engaged in false patent marking; (2) opinion concerning "consumer interactions" with Lashify's alleged false patent marking advertisements; (3) opinion that defendants have been competitively injured because of Lashify's alleged false patent marking; and (4) his reliance on dismissed and irrelevant claims. Mr. Gunderson, defendants' damages expert, then relies on these improper opinions to opine on defendants' damages from Lashfy's alleged false patent marking. Because Mr. Gunderson's damages calculations and opinions expressly rely upon Dr. Gal's improper opinions, Mr. Gunderson's opinions should be excluded as well.

## III. ARGUMENT

### A. The Court Should Exclude Dr. Gal's Opinions Because They Are Unreliable, Improper, Speculative, and Based on Irrelevant Material.

#### 1. Dr. Gal's False Patent Marking Opinions Are Unreliable and Improper.

Dr. Gal's report is rife with conclusory assertions that Lashify engaged in false patent marking. Dr. Gal's opinions concerning false patent marking should be excluded on two independent bases: (1) Dr. Gal offers improper legal conclusions concerning Lashify's alleged false patent marking; and (2) Dr. Gal has no expertise and conducts no analysis that could allow him to render an expert opinion regarding Lashify's purported false patent marking statements.

**a. Dr. Gal's False Patent Marking Opinions Are Improper Legal Conclusions.**

The crux of Dr. Gal's opinion is that "Lashify engaged in a practice of making false patent marking claims by representing that its various products were 'patented' when they were not." *See, e.g.*, Gal Rep. ¶ 124. Dr. Gal therefore seeks to testify on one of the ultimate issues in the case: whether Lashify falsely marked certain articles as patented when they were not.

Dr. Gal purports to be a marketing expert, not a legal expert, yet he makes conclusions throughout his report about "false patent marking," a loaded legal term about which he knows nothing. *See generally* Gal Rep. [REDACTED] Gal Tr. at 34:24-35:23, 54:8-16, 58:9-12, 59:2-7, 59:11-60:10, 61:12-62:19. [REDACTED] *Id.* at 49:7-10.

Put differently, Dr. Gal hopes to offer opinions about false patent marking not based on any factual or scientific basis, but as a mouthpiece for defendants' counsel. But whether Lashify's advertising contains "false patent marking" statements is a legal conclusion that is outside the bounds of proper expert testimony. *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) ("Experts cannot render conclusions of law or provide opinions on legal issues.") (internal citation omitted). Accordingly, Dr. Gal should be precluded from offering an opinion that any Lashify advertising contains a false patent marking statement. Gal Rep. ¶¶ 3, 71-122, 124(B)-(E), Exs. E-F.

**b. Dr. Gal Is Not Qualified To Offer Opinions About Whether Lashify Engaged in False Patent Marking.**

The Court should exclude Dr. Gal's opinions concerning Lashify's alleged false patent marking for an additional and independent reason: he has no qualifications to offer those opinions.

[redacted]

Dr. Gal is a marketing expert. He has no qualification to testify that what he has observed on Lashify's website and/or social media is "false patent marking." [redacted] Gal Tr. at 22:22-24. [redacted] *Id.* at 25:10-12, 26:8-14, 27:7-10, 27:17-21. [redacted] *Id.* at 27:11-16. [redacted] *Id.* at 58:9-12, 59:2-7, 59:11-60:10, 61:12-62:19. Nor could he. [redacted] *Id.* at 62:2-13.

[redacted] (Gal Rep. ¶¶ 74-122) [redacted] (*id.* at Exhibit E). [redacted] *See, e.g.*, Gal Tr. at 42:12-45:13 ([redacted]), *id.* at 106:6-108:21 [redacted]

[redacted]

Because Dr. Gal's false patent marking opinions are outside his expertise and merely parrot defendants' attorneys' statements, they are not admissible. *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) ("Although in forming an independent opinion an expert can rely on information provided by a party's attorney, an expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him.").

**2. Dr. Gal's "Consumer Interactions" Opinion Is Unreliable and Does Not Require Scientific, Technical, or Specialized Knowledge.**

Even if Dr. Gal were qualified to opine on false patent marking (he is not), his opinions concerning "consumer interactions" with what he purports to be Lashify's false patent marking advertisements should nevertheless be excluded because they do not reflect any expertise and he otherwise has no methodology for evaluating whether consumers were interacting with the purported false marking statements. [redacted] Gal Tr. at 81:10-82:1; Gal Rep. ¶ 18.

[redacted] Indeed, simple arithmetic exercises—like counting, adding, and dividing—are "a task the jury can handle without the aid of an expert." *Continental 332 Fund, LLC v. Kozlowski*, 2020 WL 1234808, at *7 (M.D. Fla. Mar. 13, 2020); *Tavernini v. Bank of Am.*, No. 4:12-CV-420, 2013 WL 12045198, at *1 (E.D. Tex. June 18, 2013) (excluding expert's report that "deals with mere mathematical calculations and requires no special expertise"). Accordingly, Dr. Gal's "expert opinions" associated with counting the number of consumer interactions on Lashify's Instagram posts should be excluded because it is not helpful to the jury.

Gal Tr. at 87:23-88:6; *see also* 91:1-7 (

(Gal Tr. at 85:6-19)

(*id*. at 85:20-86:1).

*Id*. at 114:23-115:8.

*Id*. at 82:24-83:21.

Dr. Gal's consumer interaction opinion has no "reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). The Court should exclude Dr. Gal's "consumer interaction" opinion. Gal Rep. ¶¶ 18, Exs. E-F.

**3. Dr. Gal's Competitive Injury Opinions Are Speculative.**

Dr. Gal's opinions concerning defendants' purported competitive injury should also be

[redacted]

excluded because they are speculative and not supported by any evidence or data. [redacted] Gal Rep. ¶¶ 100-122. [redacted] *Id.* ¶ 101. [redacted] Gal Tr. at 94:4-95:13, 95:23-96:4, 97:10-99:8. [redacted] *Id.* at 29:20-30:11; *see also* Gal Rep. ¶ 122.

Courts have repeatedly affirmed the exclusion of marketing expert witnesses who, though qualified in their field, based their opinions concerning consumer perceptions on nothing more than unsubstantiated conjecture. *IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 376 (5th Cir. 2002) (affirming exclusion of two experts because "[n]either expert conducted reliable survey or market research, commonly employed by market analysis, to support their conclusions that consumers would have purchased [plaintiffs products] were it not for defendants' allegedly misleading statements"); *James v. Harris County*, 577 F.3d 612, 619 (5th Cir. 2009) (expert excluded where he "offered no empirical evidence to connect his general theory" to the facts).

[redacted]

These sorts of opinions are "nothing more than *ipse dixit* statements" because they "are not based

[redacted]

on reliable principles and methods that can be accurately reproduced, examined, and challenged." *Bmc Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at *2 (E.D. Tex. Feb. 1, 2016). Dr. Gal's opinions concerning competitive injury should therefore be excluded because they are unreliable. *See* Gal Rep. ¶¶ 4, 100-122, 124(D)-(E).

**4. Dr. Gal's Opinions Should Also Be Excluded To The Extent They Are Based on No Longer Viable Claims.**

Dr. Gal's opinions should be excluded for another reason: he fails to limit his opinions to actionable misconduct. First, Dr. Gal improperly relies on statements predating March 17, 2018 that are time barred. *See* Gal Rep. ¶¶ 17-18, 75, 80-83, 86-88, 99, 122, Ex. E (Ad Nos. 1-10), Ex. F; *see also* R&R at 5 [redacted] All evidence of alleged false markings before March 17, 2018 and any analysis incorporating and relying on such evidence should therefore be excluded.

Second, Dr. Gal improperly relies on statements that are not relevant to defendants' false patent marking counterclaims under 35 U.S.C. § 292. *See* Gal Rep. ¶¶ 55-74, 102-122, 124(A)-(E), Exs. D-E. Section 292 permits recovery for improperly using the word "patent" or "patent pending" on products for sale or in advertising. [redacted] But none of those statements use the words "patent" or "patent pending" and instead relate to a false advertising claim that has since been dismissed. R&R at 11. Those statements are therefore irrelevant to the false patent marking claim and should be excluded. *Perez v. Abbott*, No. SA-11-CV-360, 2017 WL 11886257, at *2 (W.D. Tex. June 19,

2017) (granting motion to exclude expert report that "pertains to claims that have been dismissed").

Permitting Dr. Gal to present opinions removed from the actual facts of the case also is unfairly prejudicial to Lashify. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses."). Accordingly, the Court should exclude Dr. Gal's opinions based on irrelevant claims.

### B. Mr. Gunderson's Opinions that Rely on Dr. Gal Should Also Be Excluded.

Mr. Gunderson's opinions that are based on Dr. Gal's unreliable and irrelevant opinions and conclusions discussed above should also be excluded. For his damages calculations, Mr. Gunderson blindly relies on Dr. Gal's improper opinions concerning false patent marking (Gunderson Rep. ¶¶ 21-24, 27-34, 64-65, Exs. 4, 7, 8, 13, 14), consumer interactions (*id*. ¶¶ 44-45, 56, 59, 64, Exs. 4, 7, 8, 13, 14), and competitive injury (*id*. at ¶¶ 26-34, 53). And, like Dr. Gal, he also improperly relies on time-barred and dismissed claims. *Id*. at ¶¶ 44-45, 51, 56, 59, 64, Exs. 4, 7, 8, 13, 14.[3] Accordingly, to the extent the Court excludes Dr. Gal's opinions discussed above, it should also exclude Mr. Gunderson's opinions that rely on Dr. Gal. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 789 (7th Cir. 2017) (affirming exclusion of expert that relied on another expert whose opinions did not meet *Daubert*).

## IV. CONCLUSION

For all of these reasons, Lashify requests that the Court exclude the improper testimony and evidence offered by Dr. Gal and Mr. Gunderson.

[3] Mr. Gunderson's supplemental report purportedly removes the time-barred statements from his calculations. *See* Supp. Rep. Lashify therefore seeks to exclude Mr. Gunderson's reliance on time-barred statements in his opening report.

Dated: June 13, 2024

FENWICK & WEST LLP

By: */s/ Shannon E. Turner*
Shannon E. Turner

Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
J. David Hadden (CSB No. 176148)
dhadden@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94014
650.988.8500
Fax: 650-938-5200

Bryan A. Kohm, CSB No. 233276
bkohm@fenwick.com
Shannon E. Turner, CSB No. 310121
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
415.875.2300
Fax: 415.281.1350

Melanie L. Mayer, WA Bar No. 36971
mmayer@fenwick.com
Jeffrey A. Ware, WA Bar No. 43779
jware@fenwick.com
Jonathan T. McMichael, WA Bar No. 49895
jmcmichael@fenwick.com
Daniel J. Emam, WA Bar No. 59129
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
206.389.4510
Fax: 206.389.4511

*Of Counsel*:

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701

903.705.1117
Fax: 903.581.2543

Attorneys for Plaintiff
Lashify, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document and the attachments via electronic mail per Local Rule CV-5 on June 13, 2024.

*/s/ Shannon E. Turner*