**FILED**

August 06, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad

DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| LASHIFY, INC., <br><br>     Plaintiff, <br><br> v. <br><br> QINGDAO LASHBEAUTY COSMETIC CO., LTD. d/b/a WORLDBEAUTY, <br><br>     Defendant. | CASE NO. 6:22-CV-00776-ADA <br><br> **JURY TRIAL DEMANDED** |
| QINGDAO LASHBEAUTY COSMETIC CO., LTD. d/b/a WORLDBEAUTY, <br><br>     Counterclaim Plaintiff, <br><br> v. <br><br> LASHIFY, INC., <br><br>     Counterclaim Defendant. | |

## **AMENDED JOINT PRETRIAL ORDER**

## TABLE OF CONTENTS

**Page**

I.    APPEARANCE OF COUNSEL:................................................................................2

    A.    Plaintiff Lashify, Inc. ("Lashify"):................................................................2

    B.    Defendant Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty ("Worldbeauty") ................................................................................................3

II.    JOINT STATEMENT OF THE CASE........................................................................4

III.    CONTENTIONS OF THE PARTIES ........................................................................5

    A.    Lashify's Contentions ....................................................................................6

    B.    Worldbeauty's Contentions ...........................................................................7

IV.    STIPULATED FACTS ..............................................................................................9

    A.    Personal Jurisdiction .....................................................................................9

    B.    The Parties .....................................................................................................9

        1.    Plaintiff .............................................................................................9

        2.    Defendant .........................................................................................9

    C.    The Asserted Patents ...................................................................................10

        1.    The '260 Patent ..............................................................................10

        2.    The '020 Patent ..............................................................................10

        3.    The '472 Patent ..............................................................................10

        4.    The Asserted Claims ......................................................................10

V.    DISPUTED ISSUES OF FACT AND LAW ...........................................................10

VI.    TRIAL CONDUCT, DISCLOSURES, AND STIPULATIONS.....................................12

    A.    Motions ........................................................................................................12

    B.    Exhibits ........................................................................................................12

    C.    Trial Exhibit Disclosures .............................................................................14

    D.    Witnesses .....................................................................................................15

  E.  Deposition Testimony ........................................................................................ 15

  F.  Demonstrative Exhibits ................................................................................... 17

  G.  Disclosures for Opening Statements ............................................................. 18

  H.  Handling of Confidential Material ................................................................. 19

  I.  Agreed Juror Notebooks ................................................................................ 19

  J.  Number of Jurors ........................................................................................... 20

VII.  LIST OF PENDING MOTIONS ............................................................................... 20

VIII.  VERDICT FORM ....................................................................................................... 20

IX.  LENGTH OF TRIAL ................................................................................................. 21

X.  ATTACHMENT – EXHIBITS ................................................................................... 21

XI.  ATTACHMENT – WITNESS LISTS ....................................................................... 21

XII.  ATTACHMENT – DEPOSITION DESIGNATIONS ............................................... 21

XIII.  ATTACHMENT – DISCOVERY DESIGNATIONS ............................................... 22

XIV.  ATTACHMENT – DISPUTED MOTIONS *IN LIMINE* .................................... 22

XV.  ATTACHMENT – JURY INSTRUCTIONS ............................................................ 22

XVI.  ATTACHMENT – *VOIR DIRE* ............................................................................. 22

In advance of the August 2, 2024 Final Pretrial Conference,[1] plaintiff and counterclaim-defendant Lashify, Inc. ("Lashify") and defendant and counterclaim-plaintiff Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty (["Defendant,"] "Worldbeauty," [or "Qingdao Lashbeauty"][2]), submit the following proposed Joint Pretrial Order pursuant to the Court's Fifth Amended Scheduling Order (Dkt. 205 in Case No. 6:22-cv-776),[3] the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases, the Federal Rules of Civil

---

[1] Lashify's proposed language is denoted in **[RED]** and Worldbeauty's proposed language is denoted in **[BLUE]**, according to the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases.

[2] **Worldbeauty's Position:** Worldbeauty objects to the use of any shortform of its name other than the name it does business under (its "d/b/a name"). Worldbeauty has the right to choose how it will be referred to during the trial, and Lashify has consistently referred to Worldbeauty by its d/b/a name throughout this litigation. Moreover, the evidence that will be admitted at trial refers to Worldbeauty as "Worldbeauty", including Lashify's admissions in its social media posts and customer comments responding to the same. Lashify provides no explanation for its revision to a shorthand name it has not used for Worldbeauty in this case, and Lashify will not be able to provide any reasonable or acceptable reason for this change. Lashify's proposed change is contrary to Court MIL No. 2—Lashify is trying to remind the jury everytime Worldbeauty is mentioned that Worldbeauty is a Chinese company. The national origin of a party is not relevant to the merits of the case.

**Lashify's Position:** The company name of the defendant in this case is Qingdao Lashbeauty Cosmetics Co., Ltd. Defendant's position that Lashify cannot refer to it by its own company name or shortened versions of its company name has no merit. Defendant's company name appears on its website, in its emails, and all throughout its documents. Nor is referring to Defendant by its company name prejudicial or in violation of any order in the Court's Standard MILs or otherwise. Defendant is free to refer to itself exclusively as "Worldbeauty"—at trial or in joint filings like this one—but it provides no basis to require Lashify to adhere to only certain versions of its company name at trial.

[3] **Worldbeauty's Position:** The defendant in this case (Worldbeauty) and the defendant in Case No. 6:22-cv-777 (Hollyren) have each invoked their right to separate trials under 35 U.S.C. § 299. After the first trial is completed, the defendant in the second trial requests an opportunity to update its pretrial submissions before the second trial.

**Lashify's Position:** In the event the Court holds two separate trials, Lashify objects to defendants updating or otherwise re-doing their pretrial submissions between the trials.

Procedures, and the Local Rules of this Court.  The parties have stipulated to various matters identified herein and have identified exhibits, witnesses, factual contentions, and triable issues.

It is hereby **ORDERED** as follows:

**I.      APPEARANCE OF COUNSEL:**

The parties' appearances of counsel are provided below and (in identical form) in accompanying **Exhibit 1**.

**A.      Plaintiff Lashify, Inc. ("Lashify"):**

Saina S. Shamilov (Admitted W.D. Texas)
J. David Hadden (Admitted W.D. Texas)
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200
sshamilov@fenwick.com
dhadden@fenwick.com

Bryan A. Kohm (Admitted in W.D. Texas)
Shannon Turner (Admitted in W.D. Texas)
Jessica L. Benzler (*pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
bkohm@fenwick.com
sturner@fenwick.com
jbenzler@fenwick.com

Melanie L. Mayer (*pro hac vice*)
Jeffrey Ware (Admitted W.D. Texas)
Jonathan T. McMichael (Admitted W.D. Texas)
FENWICK & WEST LLP
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:     206.389.4510
Facsimile:     206.389.4511
mmayer@fenwick.com
jware@fenwick.com

jmcmichael@fenwick.com

Todd Tucker (*pro hac vice*)
Mark W. McDougall (*pro hac vice*)
Andrew Alexander (*pro hac vice*)
Calfee, Halter & Griswold LLP
1405 East Sixth Street
Cleveland, OH 44114
Telephone: 216.622.8634
Facsimile: 216.241.0816
ttucker@calfee.com
mmcdougall@calfee.com
aalexander@calfee.com

Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Telephone:  903.705.1117
Facsimile:  903.581.2543
ddacus@dacusfirm.com

**B.      Defendant Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty
         ("Worldbeauty")**

Hui Shen (*pro hac vice*)
Payton George (*pro hac vice*)
Dorsey & Whitney LLP
1401 New York Ave NW #900
Washington, DC 20005
Telephone: (202) 442-3000
Facsimile: (202) 442-3199
shen.hui@dorsey.com
george.payton@dorsey.com

Mark A. Miller (Admitted in W.D. Texas)
Brett L. Foster (*pro hac vice*)
Tammy Kapaloski (*pro hac vice*)
Dorsey & Whitney LLP
111 S. Main St., Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
miller.mark@dorsey.com
foster.brett@dorsey.com

kapaloski.tammy@dorsey.com

Geoffrey Mark Godfrey (Admitted in W.D. Texas)
Erin C. Kolter (*pro hac vice*)
Dorsey & Whitney LLP
701 5th Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800
Facsimile: (206) 299-8820
godfrey.geoff@dorsey.com
kolter.erin@dorsey.com

Sarani Rangarajan Millican (*pro hac vice*)
Dorsey & Whitney LLP
50 South 6th St., Suite 1500
Minneapolis, MN 55402
Telephone: (612) 492-5303
Facsimile: (612) 340-2868
millican.sarani@dorsey.com

Paige Arnette Amstutz
Robert Pierce Earle
Scott, Douglass & McConnico, LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com
rearle@scottdoug.com

## II.     JOINT STATEMENT OF THE CASE

The parties' joint statement of the case is provided below and (in identical form) in accompanying **Exhibit 2.**

Lashify filed this action for infringement of U.S. Patent Nos. 11,219,260 (the "'260 patent"), 11,234,472 (the "'472 patent"), and 11,253,020 (the "'020 patent"), together (the "Asserted Patents"). Lashify accuses Worldbeauty of infringing claims 1, 3, and 15 of the '260 patent, claims 1 and 15 of the '472 patent, and claims 1, 6, and 13 of the '020 patent (collectively the "Asserted Claims"). Lashify accuses Worldbeauty of direct infringement of all Asserted Claims

of the '260, '472, and '020 patents, and accuses Worldbeauty of indirect infringement of the Asserted Claims of the '260 and '020 patents. Lashify contends that Worldbeauty's infringement was and continues to be willful. Lashify also accuses Worldbeauty of engaging in false advertising regarding itself, its expertise and activities, and the source and quality of its products. Lashify seeks damages, including in the form of a reasonable royalty, lost profits, pre- and post-judgment interest, costs, enhanced damages, and an award of its fees. Lashify also seeks injunctive relief.

Worldbeauty denies that it has infringed or infringes the Asserted Claims, and that any alleged infringement was willful. Worldbeauty further contends that the Asserted Claims are invalid under 35 U.S.C. §§ 102 and/or 103. Worldbeauty denies that it has engaged in false advertising. Worldbeauty also denies that Lashify is entitled to any relief with respect to its claims. In the event Worldbeauty is found liable for infringing at least one of the Asserted Claims that is not found invalid, Worldbeauty contends that Lashify is entitled only to reasonable royalty damages and is not entitled to lost profits or injunctive relief.

Worldbeauty accuses Lashify of engaging in false patent marking based on patent markings Lashify has made on its website and social media. Worldbeauty seeks damages, including in the form of lost profits, corrective advertising damages, pre- and post-judgment interest, attorneys' fees and costs, as a result of the alleged false patent marking. Worldbeauty also seeks injunctive relief.

Lashify denies that it has engaged in false patent marking and that Worldbeauty is entitled to any relief with respect to its false patent marking claim.

## III.    CONTENTIONS OF THE PARTIES

The contentions of the parties are provided below and (in identical form) in accompanying **Exhibit 3.**

### A.      Lashify's Contentions

Lashify provides the following statement of contentions without waiver of any claim, response given during discovery, or any opinion expressed by Lashify's experts.  By providing these contentions, Lashify does not concede that any of the following issues concerning Worldbeauty's defenses or contentions are appropriately presented at trial.  In particular, Lashify does not waive any issues raised in its pending, decided, or future motions, including any motions *in limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other future motions or objections that it may file.  Lashify's contentions in this case are detailed in part in Lashify's pending motions (see Section VII below), Lashify's infringement contentions and interrogatory responses, and Lashify's expert reports, which are all incorporated by reference herein.

1.      Lashify contends it is the true and correct owner of the Asserted Patents and holds all rights necessary to bring this action in its own name and recover damages from all past, present, and future infringement of the Asserted Patents.

2.      Lashify contends that Sahara Lotti is the true, sole, and correct inventor of the Asserted Patents.

3.      Lashify contends that Worldbeauty directly infringes each Asserted Claim of the '260, '472, and '020 patents.

4.      Lashify contends that Worldbeauty induces the infringement of each Asserted Claim of the '260 and '020 patents.

5.      Lashify contends that Worldbeauty contributes to the infringement of each Asserted Claim of the '260 and '020 patents.

6.      Lashify contends that Worldbeauty's infringement has been and continues to be willful.

7.      Lashify contends that the Asserted Claims are valid and enforceable.

8.      Lashify contends that Worldbeauty had actual or constructive knowledge of the existence of and its infringement of each of the Asserted Patents, whether directly or through willful blindness, at least as early as the issuance dates of each of the Asserted Patents.

9.      Lashify contends that Worldbeauty has committed acts of false advertising by its dissemination of false or misleading claims about itself, its expertise and activities, and the source and quality of its products, and that Worldbeauty has engaged in these acts willfully.

10.      Lashify contends that it has suffered damages in an amount to be determined at trial as a result of Worldbeauty's infringement and false advertising; that Lashify is entitled to damages for any continuing post-verdict wrongful conduct up until entry of the final judgment; and increased damages for Worldbeauty's willful conduct, together with pre-judgment and post-judgment interest thereon.

11.      Lashify contends that it is entitled to entry of a permanent injunction enjoining Worldbeauty and its affiliated entities, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from directly or indirectly infringing, inducing the infringement of, or contributing to the infringement of each of the Asserted Patents and from engaging in false advertising.

12.      Lashify contends that it is entitled to an award of its costs, interest, and reasonable attorneys' fees.

13.      To the extent not already addressed above, Lashify disagrees with Worldbeauty's contentions below.

B.      **Worldbeauty's Contentions**

Worldbeauty provides the following statement of contentions without waiver of any claim, response given during discovery, or any opinion expressed by Worldbeauty's experts.   By

providing these contentions, Worldbeauty does not concede that any of the following issues concerning Lashify's claims, defenses, or contentions are appropriately presented at trial.  In particular, Worldbeauty does not waive any issues raised in its pending, decided, or future motions, including any motions *in limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other future motions or objections that it may file.  Worldbeauty's contentions in this case are detailed in part in Worldbeauty's pending motions (see Section VII below), Worldbeauty's invalidity contentions and interrogatory responses, and Worldbeauty's expert reports, which are all incorporated by reference herein.

1.      Worldbeauty contends that the Asserted Claims are invalid under 35 U.S.C. § 102 and/or § 103.

2.      Worldbeauty contends that it does not infringe any of the Asserted Claims.

3.      Worldbeauty contends that Lashify has committed acts of false patent marking.

4.      Worldbeauty contends that it has suffered damages in an amount to be determined at trial as a result of Lashify's false patent marking, together with pre-judgment and post-judgment interest thereon.

5.      Worldbeauty contends that it is entitled to entry of a permanent injunction enjoining Lashify and its affiliated entities, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from engaging in false patent marking.

6.      Worldbeauty contends that it is entitled to an award of its costs, interest, and reasonable attorneys' fees.

7.      In the event Worldbeauty is found liable for infringing at least one of the Asserted Claims that is not found invalid, Worldbeauty contends that Lashify is entitled only to reasonable royalty damages and is not entitled to lost profits or injunctive relief.

8.      To the extent not already addressed above, Worldbeauty disagrees with Lashify's contentions above.

## IV.    STIPULATED FACTS

The parties agree to the following stipulated facts:

### A.     Personal Jurisdiction

1.      This Court has personal jurisdiction over the parties and all claims and defenses in this action.

### B.     The Parties

#### 1.     Plaintiff

2.      Lashify, Inc. (which will be referred to as "Lashify" or "Plaintiff" or "Counterclaim-Defendant") is a corporation organized under the laws of Delaware, having a place of business in North Hollywood, California.

3.      Sahara Lotti is the founder and owner of Lashify.

#### 2.     Defendant

4.      Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty (which will be referred to as "Worldbeauty," ["Qingdao Lashbeauty,"][4] "Defendant," or "Counterclaim-Plaintiff") is a foreign company formed under the laws of China.

---

[4] See the parties position statements in footnote 2.

### C.     The Asserted Patents

#### 1.     The '260 Patent

5.     United States Patent No. 11,219,260 is entitled "Artificial Lash Extensions."

6.     The named inventor of the '260 patent is Sahara Lotti.

7.     Lashify is the owner by assignment of the '260 patent.

8.     The '260 patent issued on January 11, 2022.

#### 2.     The '020 Patent

9.     United States Patent No. 11,253,020 is entitled "Artificial Lash Extensions."

10.     The named inventor of the '020 patent is Sahara Lotti.

11.     Lashify is the owner by assignment of the '020 patent.

12.     The '020 patent was issued on February 22, 2022.

#### 3.     The '472 Patent

13.     United States Patent No. 11,234,472 is entitled "Artificial Lash Extensions."

14.     The named inventor of the '472 patent is Sahara Lotti.

15.     Lashify is the owner by assignment of the '472 patent.

16.     The '472 patent was issued on February 1, 2022.

#### 4.     The Asserted Claims

17.     The patent claims at issue are claims 1, 3 and 15 of the '260 Patent, claims 1 and 15 of the '472 patent, and claims 1, 6, and 13 of the '020 patent, (collectively, the "Asserted Claims"). The number of Asserted Claims may be further narrowed in advance of trial.

## V.     DISPUTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or ruling

made at the Final Pretrial Conference in this action.

By providing this statement, the parties do not concede that all of these issues are appropriate for trial. The parties also do not waive any of their pending motions.

- Whether Worldbeauty directly or indirectly infringes or has infringed any of the Asserted Claims of the Asserted Patents.

- Whether any infringement by Worldbeauty of any of the Asserted Claims was willful.

- Whether the Asserted Claims are invalid under 35 U.S.C. §§ 102 and/or 103.

- In the event that Worldbeauty is found liable for infringement of one or more valid Asserted Claims, the amount of damages to which Lashify is entitled, as well as pre-judgment and post-judgment interest.

- In the event that Worldbeauty is found liable for infringement of one or more valid Asserted Claims, and that infringement is found to be willful, whether Lashify is entitled to enhanced damages and, if so, the dollar amount.

- Whether Worldbeauty has engaged in false advertising in making false or misleading statements about itself, its expertise and activities, and the source and quality of its products.

- In the event that Worldbeauty is found liable for false advertising, the amount of damages to which Lashify is entitled, as well as pre-judgment and post-judgment interest.

- In the event that Worldbeauty is found liable for false advertising, and that conduct is found to be willful, whether Lashify is entitled to enhanced damages and, if so, the dollar amount.

- Whether Lashify is entitled to attorneys' fees and costs as a result of Worldbeauty's alleged patent infringement and/or false advertising.

- Whether Lashify is entitled to injunctive relief as a result of Worldbeauty's alleged patent infringement and/or false advertising.

- Whether Lashify has engaged in false patent marking.

- Whether Worldbeauty is entitled to damages, attorneys' fees, and costs as a result of Lashify's alleged false patent marking.

- Whether Worldbeauty is entitled to injunctive relief because of Lashify's conduct.

- Whether the case is exceptional.

## VI.   TRIAL CONDUCT, DISCLOSURES, AND STIPULATIONS

The following stipulations were agreed upon by the parties, as discussed below, and are made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of exhibits, witnesses, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.   Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing, at any time before the jury begins deliberations.  Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion.  All replies in support of the motions must be filed within 21 days of service of any oppositions.  The parties reserve their right to seek a reasonable extension of these deadlines subject to the Court's approval.

### B.   Exhibits

The exhibit lists set forth the parties' exhibits for their respective cases-in-chief; the lists do not include potential impeachment material, which will not be introduced into evidence.  The parties reserve the right to offer exhibits for purposes of impeachment that are not included in the exhibit lists.

[No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.   A] [The parties may stipulate during trial to the admission of unobjectionable exhibits.   Outside of a stipulation, a][5] party that has used an exhibit with the

---

[5] **Lashify's Position:**  Lashify's proposal is consistent with the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases (May 23, 2023), which states that "The Court will not pre-admit evidence before trial.  A party seeking to admit evidence shall prove up and offer the evidence for admission during trial."

witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number and may do so at any time after having used it with a witness during direct or cross-examination.  Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.  The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  However, another party's exhibit is not admissible merely by virtue of being on an exhibit list or over an objection; a party seeking to introduce another party's exhibit must still have a witness sponsor the exhibit into evidence as described above subject to any objections.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties agree that any exhibit listed on any party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury during opening statements.

No party will remove a document from its exhibit list without providing the other party the opportunity to add the document to its exhibit list.

Finally, legible copies of United States patents and the file prosecution histories of United States patents may be offered and received in evidence in lieu of certified copies thereof, subject

---

**Worldbeauty's Position:**  Worldbeauty understands that the Court may admit limited exhibits during trial without the exhibit being sponsored by a witness, as long as there is no objection and both parties agree.

to all other objections which might be made to the admissibility of certified copies.

### C. Trial Exhibit Disclosures

No later than **7:00 p.m**. two (2) calendar days before their introduction (*e.g.*, Sunday evening for a witness to be called on Tuesday), counsel shall (1) provide opposing counsel with an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition) and (2) make any non-documentary trial exhibits to be used with the witness available for physical inspection.  Any objections to the identified exhibits shall be provided no later than **[8:30 p.m.]** **[2:00 p.m.]** one (1) calendar day before the exhibits are proposed to be introduced and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits at **[9:00 p.m.]** **[4:00 p.m.]**[6] the day the objections are provided.  The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to

---

[6] **Lashify's Position:**  Lashify's proposal for the exchange of objections and a meet and confer is common practice and works well for trials conducted in this Court and others.  The parties will exchange witness names and exhibits to be used on direct examination at 7:00 p.m. two days before the witness is called, and exchange objections and meet and confer the following evening.  Indeed, the same times were used in the recent trial in *AlmondNet, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00898-ADA, Dkt. 252 at 12-13 (W.D. Tex. June 6, 2024) and allowed the parties to efficiently narrow their disputes and conduct an orderly trial.  Defendant's proposal is not workable.  Defendant proposes exchanging objections and holding the meet and confer during the Court day, when counsel will be conducting examinations in the courtroom and unavailable.  In addition, the parties' objections to trial exhibits are no secret, as the parties have already exchanged these objections.  If a party needs more time to consider the objections after receiving them, the parties can agree to delay the meet and confer slightly to provide the necessary time.

**Worldbeauty's Position:** Lashify's proposed times of 8:30 p.m. for objections to trial exhibits and a meet and confer regarding the same a half hour later (9 p.m.) the night before the exhibit is to be introduced is both too late and too tight of a timeline. If the disclosure occurs at 7 p.m. the day before, the opposing party will be able to provide objections by 2 p.m. the following day and a meet and confer two hours later, at 4 p.m., which realistically allows for continued meet and confers as already memorialized in this section ("The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved"). A meet and confer at 9 p.m., having received objections only a half hour before, is not conducive to further productive meet and confers.

the introduction of the exhibit.

### D.    Witnesses

The parties agree to disclose the witnesses in the order that they will be called.  No later than **7:00 p.m.** two (2) calendar days before their anticipated introduction, counsel shall provide to opposing counsel the names and order of witnesses to be called (both live and by deposition). For example, if a witness is expected to testify on a Monday, the witness must be identified by 7:00 p.m. on the previous Saturday.  Any objections to the identified witnesses shall be provided no later than **8:30 p.m.** the day before the witness is offered to testify and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the witnesses at **9:00 p.m.** the day the objections are provided.  If counsel intends to change the order of witnesses or the matter of presentation of witness testimony (*i.e.*, by live video feed), they shall notify the other side immediately according to the parties' agreement regarding how to deal with such disruptions, set forth below in the undisputed portions of Section VI.C.  The parties will continue in good faith to meet and confer regarding witnesses and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the witness.

Fact witnesses are not to be allowed into the courtroom before they testify on the stand or after.  The only exception is a parties' client representative, who will be allowed in the courtroom even if testifying in the case.

### E.    Deposition Testimony

For any witnesses whose testimony a party intends to present by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by **7:00 p.m**. two (2) calendar days before the designations are to be played or read to the jury.  Any objections and counter-designations shall be provided by **3:00 p.m.** the next day.  Any objections to counter-

designations shall be provided no later than **7:00 p.m.** the day the counter-designations are provided.   The parties shall meet and confer at **9:00 p.m.** the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition.  The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections, and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by **11:00 p.m.** the day before it is to be shown to the jury.  If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by **7:00 p.m.** the day before the testimony is to be introduced. The parties will continue in good faith to meet and confer regarding the proposed deposition testimony and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

All designated deposition testimony may be played by video or may be read live in court, subject to the procedures set forth in this Pretrial Order.  The parties agree that any counter-designations, to which the other party did not object or to which the Court overruled the objection, will be included in the reading or video playing of deposition designations.  To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall count against the length of its designated and counter-designated testimony read or played.

The designations and counter-designations must be presented in the order they appear in the transcript.  All colloquy between counsel and objections will be eliminated as much as practicable when deposition testimony is presented at trial.

The procedures concerning deposition testimony discussed above do not apply to a party using previously admitted deposition testimony during the closing statements.

### F.  Demonstrative Exhibits

"Demonstratives" are exhibits specifically created for the purpose of the trial or physical objects that are shown to the jury but are not made part of the evidentiary record.  Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.  Demonstratives exchanged per the procedure below will not be used by an opposing party prior to being used by the disclosing party.

The parties shall exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives, such as physical devices, that they plan to use at trial during direct examination, but not for cross-examinations, by **7:00 p.m.** one (1) calendar day before their anticipated use.  In other words, if a demonstrative will be used on Monday, it must be exchanged or made available by **7:00 p.m**. on the previous Sunday.

The substance, including a mock-up, of any demonstratives a party intends to create live during opening statements [or direct witness examinations][7] must be disclosed pursuant to the

---

[7] **Lashify's Position:**   The parties agree to exchange demonstratives to be used in direct examinations the night before the witness takes the stand.  Yet, Defendant proposes that the parties need not disclose mock-ups of demonstratives that a party intends to create live during direct examinations.   Trial is not an opportunity to ambush the other side with undisclosed demonstratives, as the parties' agreements on demonstrative disclosures already reflect.  Both sides should be required to disclose mock-ups of demonstratives they intend to create live on direct examination.

**Worldbeauty's Position:** There is difference between prepared demonstratives that a party intends to use and mock-ups that are created in real time during examination of a witness as the

procedures outlined in this section.

Reasonable nonsubstantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use. Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.

Any objections to the demonstrative exhibits shall be provided by **8:30 p.m.** the day before their anticipated use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at **9:00 p.m.** the day the objections are provided. The parties will continue in good faith to meet and confer regarding the proposed demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

For the avoidance of doubt, the parties will not disclose demonstratives to be used in closing statements.

### G.    Disclosures for Opening Statements

With respect to opening statements, by no later than **1:00 p.m.** on the day before the opening statements, the parties shall exchange by email (a) lists of any exhibits that the party intends to use in its opening statement for which there are pending objections remaining, and (b) electronic copies of any demonstratives (including any documentary, graphic, slide, animation, mock-ups to be created during opening statements with detail regarding their substance, and any

---

examination proceeds – mock-ups that are created in real time necessarily cannot be disclosed in advance of the examination. Worldbeauty's proposal will not lead to "an opportunity to ambush", as all trial exhibits that will be used during a direct examination and any prepared demonstratives used during a direct examination must be disclosed pursuant to the parties' agreements reflected herein.

other form of demonstrative) that they intend to use in their respective opening statements. Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and physical demonstratives must also be made available for inspection at the same time along with the other demonstratives.

Any objections to the opening statement disclosures must be provided by **4:00 p.m.** the day the disclosures are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to these disclosures at **6:00 p.m.** If the parties cannot resolve the objections, the unresolved issues will be raised with the Court in the morning, before opening statements are presented to the jury. Demonstratives exchanged for opening statements will not be used by an opposing party prior to being used by the disclosing party.

### H.    Handling of Confidential Material

The parties agree to meet and confer regarding ways to minimize the need for either party to request sealing of the courtroom when a party's confidential information, including highly sensitive business documents, testimony, or information is expected to be presented.

### I.    Agreed Juror Notebooks

The parties request that the Court present the most current tutorial video from the Federal Judicial Center regarding the U.S. Patent Office (available at https://www.youtube.com/watch?v=ax7QHQTbKQE) to the members of the jury as part of its preliminary instructions to the jury.

The jurors shall be permitted to take handwritten notes during the presentations of the parties.

Copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the Asserted Patents), a list of construed terms, a legal pad, a pen, and a highlighter will be delivered to the Court before

jury selection.

### J.   Number of Jurors

The parties agree that seven (7) jurors should be selected.

## VII.   LIST OF PENDING MOTIONS

The following motions remain pending:

- Lashify's Motion for Summary Judgment of No False Patent Marking

- Lashify's Motion for Summary Judgment of No Invalidity in View of Prior Art Products

- Lashify's Motion for Presumption that Defendants' Products Are Made by the Patented Process of U.S. Patent No. 11,234,472

- Lashify's Motion to Exclude Unreliable Non-infringement Testing of Defendants' Technical Expert, Dr. Mays

- Lashify's Motion to Strike Improper Expert Testimony and Claim Construction

- Lashify's Motion to Exclude Unreliable Opinions of Defendants' Experts Regarding False Patent Marking and Injury

- Lashify's Motion to Exclude Unreliable Opinions of Defendants' Damages Expert, Mr. Gunderson

- Lashify's Motion to Strike

- Lashify's Motions *in Limine*

- Worldbeauty's Partial Motion for Summary Judgment of No Lost Profits

- Worldbeauty's Motion to Exclude the Lost Profits Opinions of Lashify's Expert, Dr. Gareth Macartney

- Worldbeauty's Motion to Strike

- Worldbeauty's Motions *in Limine*

## VIII.   VERDICT FORM

The parties have submitted competing verdict forms.  Lashify's proposed verdict form is

attached as **Exhibit 4A.**  Worldbeauty's proposed verdict form is attached as **Exhibit 4B.**

## IX.    LENGTH OF TRIAL

The length of trial will be 13 hours per side.  This time will not include opening statements and closing statements, which are each limited to thirty (30) minutes per side.  A party may use an additional fifteen (15) minutes for closing statements, so long as the party has reserved that time from its 13-hour total.

## X.    ATTACHMENT – EXHIBITS

Lashify's exhibit list and Worldbeauty's objections thereto are attached as **Exhibit 5A**. Worldbeauty's exhibit list and Lashify's objections thereto are attached as **Exhibit 5B**.[8]  The parties will continue to meet and confer regarding their respective objections and the preparation of a joint exhibit list in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## XI.    ATTACHMENT – WITNESS LISTS

Lashify's witness list and Worldbeauty's objections thereto are attached as **Exhibit 6A**. Worldbeauty's witness list and Lashify's objections thereto are attached as **Exhibit 6B**.

The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## XII.    ATTACHMENT – DEPOSITION DESIGNATIONS

Lashify's deposition designations with Worldbeauty's objections and counter-designations are attached as **Exhibit 7A**.  Worldbeauty's deposition designations with Lashify's objections and

---

[8] **Lashify's Statement:** Since the parties filed the original Joint Pretrial Order on July 12, 2024 and weeks after the deadline for the parties to have served their trial exhibit lists, Defendants have served amended trial exhibit lists that add numerous new exhibits.  Lashify objects to this untimely disclosure and will and will seek exclusion of these new exhibits if offered at trial.

**Worldbeauty's Statement:** Worldbeauty does not agree that it has made any untimely disclosure of new exhibits. Worldbeauty will respond to Lashify's objections at the appropriate time.

counter-designations are attached as **Exhibit 7B**.

      The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.


**XIII.    ATTACHMENT – DISCOVERY DESIGNATIONS**

      Lashify's discovery designations with Worldbeauty's objections are attached as **Exhibit 8A**.

      Worldbeauty's discovery designations with Lashify's objections are attached as **Exhibit 8B**.

      The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

**XIV.    ATTACHMENT – DISPUTED MOTIONS *IN LIMINE***

      Lashify's Motions *in Limine* and Worldbeauty's oppositions are attached as **Exhibit 9A**. Worldbeauty's Motions *in Limine* and Lashify's oppositions are attached as **Exhibit 9B**.

**XV.    ATTACHMENT – JURY INSTRUCTIONS**

      The parties' "requested" jury instructions are attached as **Exhibit 10** and jury "charge" are attached as **Exhibit 11**, with disputed language identified in colored text.

**XVI.    ATTACHMENT – *VOIR DIRE***

      The parties' proposed *voir dire* is attached as **Exhibit 12**, with disputed language identified in colored text.

This Joint Pre-Trial Order is hereby approved this _____ day of_____,

2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2024

Respectfully submitted,


*/s/ Saina S. Shamilov*

Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
J. David Hadden, CSB No. 176148
dhadden@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94014
650.988.8500
Fax: 650-938-5200

Bryan A. Kohm, CSB No. 233276
bkohm@fenwick.com
Shannon Turner, CSB No. 310121
sturner@fenwick.com
Jessica L. Benzler, CSB No. 306164
jbenzler@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
415.875.2300
Fax:  415.281.1350

Melanie L. Mayer, WA Bar No. 36971
mmayer@fenwick.com
Jeffrey A. Ware, WA Bar No. 43779
jware@fenwick.com
Jonathan T. McMichael, WA Bar No. 49895
jmcmichael@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA  98101
206.389.4510
Fax:  206.389.4511

Andrew Alexander, OH Bar No. 0091167
aalexander@calfee.com
Todd Tucker, OH Bar No. 0065617
ttucker@calfee.com
Mark W. McDougall, OH Bar No. 0080698
mmcdougall@calfee.com
Calfee, Halter & Griswold LLP
1405 East Sixth Street
Cleveland, OH 44114

*/s/ Mark A. Miller*

Hui Shen
Payton Elizabeth George
Dorsey & Whitney LLP
1401 New York Ave NW #900
Washington, DC 20005
202.442.3183
shen.hui@dorsey.com
george.payton@dorsey.com

Mark A. Miller
Brett L. Foster
Tamara Kapaloski
Dorsey & Whitney LLP
111 S. Main St., Suite 2100
Salt Lake City, UT 84111
801.933.4068
Fax: 801.933.7373
miller.mark@dorsey.com
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

Erin C. Kolter
Geoffrey M. Godfrey
Dorsey & Whitney LLP
701 5th Avenue, Ste. 6100
Seattle, WA  98104
206.903.2390
kolter.erin@dorsey.com
godfrey.geoff@dorsey.com

Sarani Rangarajan Millican
Dorsey & Whitney LLP
50 South Sixth Street, Ste. 1500
Minneapolis, MN  55402
515-451-4731
millican.sarani@dorsey.com

216.622.8634
Fax: 216.241.0816
*Of Counsel*:

Deron R. Dacus (TX Bar #00790553)
Email: ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX  75701
903.705.1117
Fax: 903.581.2543

*Attorneys for Plaintiff*
*Lashify, Inc.*

Paige Arnette Amstutz
Robert Pierce Earle
Scott, Douglass, McConnico, LLP
303 Colorado Street, Ste. 2400
Austin, TX  78701
pamstutz@scottdoug.com
rearle@scottdoug.com

*Attorneys for Defendant*
*Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a*
*Worldbeauty*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on **August 5, 2024.**

 */s/ Saina S. Shamilov*
Saina S. Shamilov